UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>  Plaintiff,<br><br>v.<br><br>DELL TECHNOLOGIES, INC.,<br><br>  Defendant. | Case No. 6:21-cv-0036<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AGAINST DELL TECHNOLOGIES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Sonrai Memory Limited ("Plaintiff" or "Sonrai") makes the following allegations against Defendant Dell Technologies, Inc. ("Defendant" or "Dell"):

**INTRODUCTION**

1. This complaint arises from Defendant's unlawful infringement of United States patents owned by Plaintiff which relate to improvements in charge pump circuits, United States Patent No. 6,724,241 ("'241 Patent"), portable memory devices with both volatile and non-volatile memory, United States Patent No. 6,920,527 ("'527 Patent"), and regenerative clock repeating, United States Patent No. 7,436,232 ("'232 Patent") (collectively, the "Asserted Patents").

**PARTIES**

2. Plaintiff Sonrai Memory Limited is a limited liability company organized and existing under the law of Ireland, with its principal place of business at The Hyde Building, Suite

1

23, The Park, Carrickmines, Dublin 18, Ireland. Sonrai is the sole owner by assignment of all right, title, and interest in the Asserted Patents.

3. On information and belief, Defendant Dell Technologies, Inc. is a corporation organized under the laws of Delaware, with its principal place of business at One Dell Way, Round Rock, Texas 78682.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Dell in this action because Dell has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Dell would not offend traditional notions of fair play and substantial justice. Dell, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Defendant is registered to do business in Texas, and on information and belief has transacted business in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendant has a regular and established place of business in this District, including its headquarters at One Dell Way, Round Rock, Texas 78682.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,724,241

7. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

8. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,724,241, entitled "Variable Charge Pump Circuit with Dynamic Load." The '241 Patent was duly and legally issued by the United States Patent and Trademark Office on April 20, 2004. A true and correct copy of the '241 Patent is attached as Exhibit 1.

9. On information and belief, Dell makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation laptops, desktop computers, and servers with SanDisk/Toshiba 64L 3D NAND flash chips, for example, Dell/EMC XPS 15 2-in-1 9575 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '241 Patent.

10. Dell also knowingly and intentionally induces infringement of one or more claims of the '241 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Dell has had knowledge of the '241 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '241 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '241 Patent. Dell does so knowing and intending that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '241 Patent, thereby specifically intending for and inducing its

customers to infringe the '241 Patent through the customers' normal and customary use of the Accused Products.

11. Dell has also infringed, and continues to infringe, one or more claims of the '241 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '241 Patent, are especially made or adapted to infringe the '241 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Dell has been, and currently is, contributorily infringing the '241 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

12. The Accused Products satisfy all claim limitations of one or more claims of the '241 Patent. A claim chart comparing exemplary independent claim 1 of the '241 Patent to representative Accused Products is attached as Exhibit 2.

13. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '241 Patent pursuant to 35 U.S.C. § 271.

14. As a result of Dell's infringement of the '241 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

15. Dell's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '241 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,920,527

16. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,920,527, entitled "Portable RAM drive." The '527 Patent was duly and legally issued by the United States Patent and Trademark Office on July 19, 2005. A true and correct copy of the '527 Patent is attached as Exhibit 3.

18. On information and belief, Dell makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation laptops, desktop computers, and servers with SSDs including Silicon Motion SSD Controllers, including without limitation the Dell/EMC Vostro 15 5568 P62F ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '527 Patent.

19. Dell also knowingly and intentionally induces infringement of one or more claims of the '527 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Dell has had knowledge of the '527 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '527 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '527 Patent. Dell does so knowing and intending that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '527 Patent, thereby specifically intending for and inducing its

customers to infringe the '527 Patent through the customers' normal and customary use of the Accused Products.

20. Dell has also infringed, and continues to infringe, one or more claims of the '527 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '527 Patent, are especially made or adapted to infringe the '527 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Dell has been, and currently is, contributorily infringing the '527 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

21. The Accused Products satisfy all claim limitations of one or more claims of the '527 Patent. A claim chart comparing exemplary independent claim 15 of the '527 Patent to representative Accused Products is attached as Exhibit 4.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '527 Patent pursuant to 35 U.S.C. § 271.

23. As a result of Dell's infringement of the '527 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

24. Dell's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '527 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 7,436,232

25.     Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

26.     Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,436,232, entitled "Regenerative clock repeater." The '232 Patent was duly and legally issued by the United States Patent and Trademark Office on October 14, 2008. A true and correct copy of the '232 Patent is attached as Exhibit 5.

27.     On information and belief, Dell makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation laptops, desktop computers, and servers with SanDisk/Toshiba 64L 3D NAND flash chips, for example, Dell/EMC XPS 15 2-in-1 9575 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '232 Patent.

28.     Dell also knowingly and intentionally induces infringement of one or more claims of the '232 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Dell has had knowledge of the '232 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '232 Patent, Dell continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '232 Patent. Dell does so knowing and intending that its customers and end users will commit these infringing acts. Dell also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '232 Patent, thereby specifically intending for and inducing its

customers to infringe the '232 Patent through the customers' normal and customary use of the Accused Products.

29. Dell has also infringed, and continues to infringe, one or more claims of the '232 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '232 Patent, are especially made or adapted to infringe the '232 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Dell has been, and currently is, contributorily infringing the '232 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

30. The Accused Products satisfy all claim limitations of one or more claims of the '232 Patent. A claim chart comparing exemplary independent claim 14 of the '232 Patent to representative Accused Products is attached as Exhibit 6.

31. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Dell has injured Plaintiff and is liable for infringement of the '232 Patent pursuant to 35 U.S.C. § 271.

32. As a result of Dell's infringement of the '232 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Dell's infringement, but in no event less than a reasonable royalty for the use made of the invention by Dell, together with interest and costs as fixed by the Court.

33. Dell's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '232 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Dell has infringed, either literally and/or under the doctrine of equivalents, the '241, '527, and '232 Patents;

b. A permanent injunction prohibiting Dell from further acts of infringement of the '241, '527, and '232 Patents;

c. A judgment and order requiring Dell to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Dell's infringement of the '241, '527, and '232 Patents; and

d. A judgment and order requiring Dell to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Dell; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: April 12, 2021              Respectfully submitted,

                                   */s/ Reza Mirzaie*

                                   Reza Mirzaie (CA SBN 246953)

9

rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
James A. Milkey (CA SBN 281283)
jmilkey@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

*Attorneys for Plaintiff Sonrai Memory Limited*