UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SONRAI MEMORY LIMITED,<br><br>   *Plaintiff,*<br><br>v.<br><br>DELL TECHNOLOGIES INC.,<br><br>   *Defendant.* | Civil Action No. 6:21-cv-000361-ADA |

**DEFENDANT DELL TECHNOLOGIES INC.'S UNOPPOSED
MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE
TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS**

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

STATEMENT OF FACTS .................................................................................................. 2

LEGAL STANDARD .......................................................................................................... 4

ARGUMENT ....................................................................................................................... 5

    I.    THE COURT SHOULD TRANSFER THIS CASE TO THE AUSTIN DIVISION .................................................................................................................. 5

        A.  Sonrai could have filed this Case in Austin ..................................................... 5

        B.  The Austin Division is clearly more convenient than the Waco Division ............................................................................................................ 6

            1.  Access to sources of proof is easier in the Austin Division ...................... 7

            2.  The cost of attendance for willing witnesses is less in the Austin Division and the convenience is greater ................................................... 8

            3.  Practical factors that make trial of a case easy, expeditious and inexpensive favor transfer to Austin ...................................................... 10

            4.  Local interests favor transfer to Austin ................................................... 12

            5.  Court congestion favors travel to Austin ................................................ 13

            6.  The remaining factors are neutral ........................................................... 13

CONCLUSION ................................................................................................................... 14

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Alacritech Inc. v. CenturyLink, Inc.*,
   No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438 (E.D. Tex. Sept. 19, 2017)........8

*Auto-Dril, Inc. v. Pason Sys. USA Corp.*,
   No. 6:15- CV-00093, 2015 U.S. Dist. LEXIS 183479 (W.D. Tex. June 29, 2015) ....13

*Data Scape Ltd. v. Dell Techs., Inc.*,
   No. 19-CV-00129-ADA (W.D. Tex. June 7, 2019), ECF No. 44 ....................... *passim*

*DataQuill, Ltd. v. Apple Inc.*,
   No. A-13-CA-706-SS, 2014 U.S. Dist. LEXIS 82410 (W.D. Tex. June 13, 2014) ......6

*In re DISH Network L.L.C.*,
   No. 2021-182, 2021 U.S. App. LEXIS 31759 (Fed. Cir. Oct. 21, 2021) ....................11

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*,
   No. 18-CV-00660 (W.D. Tex. Jan. 29, 2019), ECF No. 28 .........................................2

*Future Link Systems, LLC v. Advanced Micro Devices, Inc.*,
   No. 6:20-cv-01176-ADA (W.D. Tex. Oct. 18, 2021), ECF No. 62...............................2

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009)............................................................................8, 13

*Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*,
   No. 1:20-CV-000342-ADA (W.D. Tex. Mar. 30, 2020), ECF No. 65..........................2

*MiMedx Grp., Inc. v. Tex. Human Biologics*, *Ltd*.,
   No. 14-CV-00464, 2014 U.S. Dist. LEXIS 191022
   (W.D. Tex. Aug. 12, 2014) .............................................................................. *passim*

*Neo Wireless LLC v. Dell Techs.*, *Inc.*,
   Case No. 6:21-cv-00024 (W.D. Tex. Jan. 20, 2022), ECF No. 60 ...................... *passim*

*Neodron Ltd. v. Dell Techs. Inc.*,
   No. 6:19-CV-00396-ADA (W.D. Tex. Aug. 19, 2019), ECF No. 16............................2

*In re NetScout Sys., Inc.*,
   No. 2021-173, 2021 U.S. App. LEXIS 30500 (Fed. Cir. Oct. 13, 2021) ....................11

*In re Radmax, Ltd.*,
    720 F.3d 285 (5th Cir. 2013) ..............................................................................4, 7, 12

*Sonrai Memory Ltd. v. Oracle Corp*,
    Case No. 6:21-cv-00116 (W.D. Tex. Feb. 2, 2022), ECF No. 48..................................2

*TurboCode LLC v. Dell Technologies*,
    Case No. 6:21-cv-00359 (W.D. Tex. Mar. 29, 2022), ECF No. 26................................2

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ................................................................................4, 5, 6

*Wet Sounds, Inc. v. Audio Formz, Inc.*,
    No. 17-cv-00141-LY, 2017 U.S. Dist. LEXIS 168455(W.D. Tex. Oct. 11, 2017) .....13

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)...................................................................................11

**Statutes**

28 U.S.C. § 1404(a) .......................................................................................................1, 4

This Case has no relevant connections to the Waco Division of the Western District of Texas. Dell Technologies Inc. ("Dell") therefore seeks an intra-district transfer to the Austin Division—where Dell is headquartered—under 28 U.S.C. § 1404(a). Counsel for Dell met and conferred with counsel for Sonrai Memory Limited ("Sonrai") on April 11, 2022 regarding this motion, who requested additional time to consider the request to transfer venue. On April 13, 2022, counsel for Sonrai indicated by email that they do not oppose this motion.

## INTRODUCTION

Dell was founded in a dorm room at the University of Texas at Austin and has been headquartered in the Austin/Round Rock area for more than thirty-five years. The relevant witnesses and documents in this case are mostly located in Austin—including the three inventors of the Patent-in-Suit—and have no ties to the Waco Division of the Western District of Texas. Sonrai's principal place of business is in Dublin, Ireland. (*See*, Dkt. 1 ¶ 2.) Sonrai does not allege that it has a presence or that it does any business in the Waco Division. (*See* Dkt. 1.) Nor does Sonrai allege any relevant contacts in the Waco Division. (*See id.*) To Dell's knowledge, there are none. Lastly, and importantly, Sonrai has indicated that they do not oppose this transfer.

This Court recently transferred another case involving Dell as a defendant to the Austin Division, where the plaintiff had no connections to the Waco Division and accused products related to this case. *Neo Wireless LLC v. Dell Techs., Inc.*, Case No. 6:21-cv-00024 (W.D. Tex. Jan. 20, 2022), ECF No. 60 at *13–14. This very Court held that the Austin Division is a more convenient forum where Dell showed that the sources

of proof are more easily accessible in Austin, and where Austin has a stronger local interest. *Id.*

Intra-district transfer under the current set of facts is common. Indeed, Courts in this District often transfer cases to other Divisions within the District when a case has little or no connection to the initial forum and most relevant events and witnesses are connected to elsewhere in the district. *See, e.g., TurboCode LLC v. Dell Technologies*, Case No. 6:21-cv-00359 (W.D. Tex. Mar. 29, 2022), ECF No. 26; *Sonrai Memory Ltd. v. Oracle Corp*, Case No. 6:21-cv-00116 (W.D. Tex. Feb. 2, 2022), ECF No. 48; *Neo Wireless v. Dell Technologies*, Case No. 6:21-cv-00024 (W.D. Tex. Jan. 20, 2022), ECF No. 60; *Future Link Systems, LLC v. Advanced Micro Devices, Inc.*, No. 6:20-cv-01176-ADA (W.D. Tex. Oct. 18, 2021), ECF No. 62; *Micropairing Techs. LLC v. Toyota Motor Mfg. Tex., Inc.*, No. 6:20-cv-01001-ADA (W.D. Tex. Oct. 1, 2021), ECF No. 48; *Hammond Dev. Int'l, Inc. v. Amazon.com, Inc.*, No. 1:20-CV-000342-ADA (W.D. Tex. Mar. 30, 2020), ECF No. 65; *Data Scape Ltd. v. Dell Techs., Inc.*, No. 19-CV-00129-ADA (W.D. Tex. June 7, 2019), ECF No. 44; *Neodron Ltd. v. Dell Techs. Inc.*, No. 6:19-CV-00396-ADA (W.D. Tex. Aug. 19, 2019), ECF No. 16; *MiMedx Grp., Inc. v. Tex. Human Biologics, Ltd.*, No. 14-CV-00464, 2014 U.S. Dist. LEXIS 191022 (W.D. Tex. Aug. 12, 2014); *Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660 (W.D. Tex. Jan. 29, 2019), ECF No. 28.

## STATEMENT OF FACTS

Dell was founded in 1984 in Austin, Texas, and has maintained its global headquarters within the Austin Division ever since. (Kennedy Decl. ¶ 5.) Dell has approximately 14,000 employees based in the Austin Division, and maintains documents,

electronically stored information, and physical evidence in the Austin Division.  (*Id*.; Sarkis Decl. ¶ 6; Ray Decl. ¶ 16.)  In contrast, Dell has no facilities or operations in Waco.  (Kennedy Decl. ¶ 5.)  Dell's likely witnesses in this case are also primarily located in the Austin Division.  (Kennedy Decl. ¶ 6.)  Dell has not identified any likely witnesses in Waco.  (*Id.*)

Like Dell, Sonrai also has no relevant connection to the Waco Division.  (*See*, Dkt. 1.)  Sonrai alleges that its principal place of business is in Dublin, Ireland.  (*See* Dkt. 1; ¶ 2.)  The Complaint does not allege that Sonrai conducts any business or has any connections to the Waco Division or that any relevant acts occurred there.  (*See* Dkt. 1.) Indeed, if anything, Sonrai *has connections* to the Austin Division as two inventors are located in Austin, Texas and the other in Cedar Park, Texas.  (*See* Ex. A, U.S. Patent No. 6,920,527.)

Despite this, Sonrai filed its Complaint on April 12, 2021 in the Waco Division, alleging that Dell infringes three patents—U.S. Patent Nos. 6,725,241; 6,920,527; 7,436,232.  (Dkt. 1.)  In support of its contention that venue is proper in the Western District of Texas, Sonrai has pleaded facts based entirely on Dell's operations in the Austin Division.  (*See*, Dkt. 1 ¶ 6.)  The Complaint does not identify any meaningful connections to the Waco Division for Dell, Sonrai, or any third parties.

On February 23, 2022, this Court ordered that Sonrai's claims against Dell of infringement of U.S. Patent Nos. 6,725,241 and 7,436,232 be severed and stayed pending resolution of the related Kioxia (Case No. 6-21-cv-00400) and Western Digital (Case No. 6-21-cv-01168) actions, because the allegations against Dell for those two patents relate entirely to Kioxia and Western Digital products.  (Dkt. 46.)  Accordingly, *only* Sonrai's

3

claim of infringement of U.S. Patent No. 6,920,527 ("Asserted Patent") remains pending against Dell in this Action. As a result of this severance and stay, transfer of venue is appropriate as to this remaining claim, and Dell now timely files this motion.

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). As the Fifth Circuit held in *Radmax*, the § 1404(a) analysis applies not only when a defendant seeks transfer to another judicial district, but also when a defendant seeks transfer to another division within the same district. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013).

In determining whether transfer is appropriate under § 1404(a), courts first consider "whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008). If so, courts weigh the relative convenience of the venue based on: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax*, 720 F.3d at 288 (citing *Volkswagen*, 545 F.3d at 315).

In *Radmax*, the Fifth Circuit ordered an intra-district transfer because the "facts and circumstances of [the] case [were] wholly grounded in the transferee forum," and the

"case [had] no connection to the [transferor forum]" after it found that three factors supported the transfer and the remaining five factors were neutral. *Id.* at 290. Similarly, in *Amazon* and *Data Scape*, this Court ordered intra-district transfer from Waco to Austin when access to sources of proof were easier in Austin, no employees of the defendant were in the Waco division, and other factors either favored transfer or were neutral. *Amazon,* ECF No. 65, slip op. at *10-11; *Data Scape*, ECF No. 44, slip op. at *3–6.

Perhaps most importantly, this Court considered transfer of another case *against Dell* with similar facts and ordered intra-district transfer after finding that (1) access to sources of proof was easier in Austin, (2) the cost of attendance for willing witnesses was lower in Austin, and (3) Austin had a greater local interest in the outcome of the suit, even though it also found (4) the existence of a co-pending companion case (that had also sought transfer), and (5) the Division's time-to-trial statistics both disfavored transfer. *Neo Wireless*, ECF No. 60, slip op. at *13-14.

## ARGUMENT

### I.   The Court Should Transfer This Case to the Austin Division

The Court should transfer this case to the Austin Division because Sonrai could have originally filed its Complaint in Austin, and Austin is the only proper and most convenient division in the Western District of Texas.

#### A.   Sonrai could have filed this Case in Austin

As an initial consideration, Courts look to whether the case could have initially been filed in the venue where a party seeks to transfer. *Volkswagen*, 545 F.3d at 312. Indeed, Sonrai cannot dispute that it could have filed this action in the Austin Division without impugning its claim that it could bring this action in *this* Division. This is

indisputable because Dell has its principal place of business in the Austin Division and nearly every alleged fact in the Complaint supports venue in the Austin Division. *See MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *1. Sonrai has alleged in its Complaint that Dell is subject to personal jurisdiction in this District and that venue is proper in this District, which is sufficient to overcome this hurdle for purposes of an intra-district motion to transfer.

### B. The Austin Division is clearly more convenient than the Waco Division

Because Sonrai could have brought its Complaint in the Austin Division, the analysis proceeds to the relevant convenience of the Austin Division. Of the eight factors, five favor transfer and three are neutral. No factors support remaining in Waco. Thus, Austin is "clearly" the more convenient venue. "[T]he movant need not show the [factors] *substantially* outweigh the plaintiff's choice of venue—it is enough to show the new venue is clearly more convenient than the original one." *DataQuill, Ltd. v. Apple Inc.*, No. A-13-CA-706-SS, 2014 U.S. Dist. LEXIS 82410, at *7 (W.D. Tex. June 13, 2014) (emphasis in original, citing *Volkswagen,* 545 F.3d at 314).

In *Data Scape* and *Neo Wireless*, this Court addressed two cases involving virtually the same venue facts. In both cases, patent owners with no ties to Waco sued Dell in the Waco Division. This Court found that "the relevant convenience weigh[ed] heavily in favor of transfer," and that "Dell ha[d] met its burden that Austin is a clearly more convenient venue." *Data Scape*, ECF No. 44 slip op. at 3; *Neo Wireless*, ECF No. 60, slip op. at *14. The facts that supported transfer in those two cases—including Dell's extensive facilities, headquarters, and operations in the Round Rock/Austin area, its

6

relevant witnesses in the area, and the strong local interest in the case—are equally true today in this case.

Neither Dell nor Sonrai have any relevant connection to the Waco Division. Any of the relevant sources or proof that lie in the Western District of Texas, including the three inventors of the 527 Patent, lie in the Austin Division. (Sarkis Decl. ¶ 6; Kennedy Decl. ¶ 6; Ray Decl. ¶¶ 5-13.) Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, Austin's local interest in the case, court congestion, and other practical problems all strongly favor transfer. The remaining three factors are neutral. Thus, the Court should order transfer. *See Radmax*, 720 F.3d at 290 (compelling intra-district transfer where three factors supported transfer and five were neutral); *Amazon*, ECF No. 65, slip op. *10-11 (same); *Data Scape*, ECF No. 44, slip op. *3-6 (same).

        **1.**    **Access to sources of proof is easier in the Austin Division**

The first factor, access to sources of proof, favors transfer to the Austin Division. Neither Dell nor Sonrai have relevant operations in the Waco Division. As such, there are no relevant sources of proof in the Waco Division.

Relevant evidence and witnesses from Dell can mostly be found in the Austin Division with additional relevant employees in Massachusetts, China, and Singapore. (Kennedy Dec. ¶ 6; Ray Decl. ¶¶ 5-13.) Dell has identified at least seven (7) employees located in the Austin Division who have responsibilities relating to the accused products, and relevant technical documents from those employees are also located in the Austin Division. (Kennedy Decl. ¶ 6; Ray Decl. ¶ 16.) Courts have recognized that in "patent infringement cases, 'the bulk of the relevant evidence usually comes from the accused

7

infringer…[c]onsequently, the place where the defendant's documents are kept weigh[s] in favor of transfer to that location.'" *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *5 (quoting *Nintendo.,* 589 F.3d at 1199). Indeed, this is borne out in Sonrai's initial disclosures, which identifies Dell's employees and suppliers as the likely source of relevant information in six of its eight rows. (Ex. B.) Another row identifies the three inventors of the Patents-in-Suit, who each reside *in the Austin Division*. (Ex. B, Ex. A ('527 Patent).) The *only* witness that Sonrai identifies of its own employees is Gerald Padian, who lives in New York and for whom travel to Austin is easier, or at least no more difficult than travel to Waco. (Ex. B.)

In sum, the Austin Division is the place where Dell has a predominant presence in this District and where all inventors of the '527 Patent reside. Dell knows of no relevant evidence or witnesses, for either party, located within the Waco Division.

### 2. The cost of attendance for willing witnesses is less in the Austin Division and the convenience is greater

The third convenience factor considers "the cost of attendance for willing witnesses." *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *2. The most important factor in the transfer analysis is the convenience of the witnesses. *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). When analyzing this factor, the Court considers all potential material and relevant witnesses. *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693, 2017 U.S. Dist. LEXIS 152438, at *16–17 (E.D. Tex. Sept. 19, 2017). This factor likewise favors transfer.

Dell has its main offices in Round Rock and Austin and is aware of no relevant witnesses in Waco, and the three inventors of the '527 Patent are also in the Austin Division. (Kennedy Decl. ¶ 6.) Requiring these Austin-based witnesses to travel over

8

ninety (90) miles each way to Waco for hearings or trials would place an unnecessary burden on the witnesses that can be avoided if the case were in Austin. For example, the witness order and testimony schedule at trial can be unpredictable, and because of this, witnesses may need to be on-call while waiting to testify. If the Court holds trial in Austin, these on-call witnesses can keep working at their regular offices or homes while they wait. They would not have the same opportunity in Waco.

A few relevant Dell witnesses also reside outside of the Western District of Texas, including Massachusetts, China, and Singapore. (Kennedy Decl. ¶ 6.) For the witnesses residing in Massachusetts, China, and Singapore, travel to Austin would impose less costs and be less disruptive than Waco for at least three reasons. First, direct flights from Massachusetts are available to Austin, but not Waco. (Griffin Decl. Exs. 1, 2.) Second, flights are both on average cheaper and shorter in duration from Massachusetts, China, and Singapore to Austin than flights from Massachusetts, China, and Singapore to Waco and do not require the added burden of a car rental to travel from Austin or Dallas to Waco. (Griffin Decl. Exs. 1–6.) Third, witnesses could work in Dell's Austin or Round Rock offices while waiting to testify if trial were in Austin.

To the extent that Sonrai argues that trial in Austin would inconvenience Sonrai witnesses more than trial in Waco, the Court should discount that inconvenience for three reasons. First, as this Court has observed, in "patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *5 (quoting *Nintendo*, 589 F.3d at 1199). Thus, although the parties cannot determine the identity and exact number of witnesses likely to testify at trial at this early stage of the case, it is reasonable to assume that the number of witnesses will be

greater for Dell than for Sonrai. Indeed, Sonrai has only identified one witness of its own. In sum, a transfer to Austin will decrease the collective overall cost and inconvenience to the parties. Second, travel to Austin is likely easier and cheaper for Sonrai's witnesses as well, given the greater number of direct flights to Austin available from New York City. (Griffin Decl. Exs. 7, 8.)

To the extent that third-party witnesses, such as Dell's suppliers for its accused SSDs, are or become willing witnesses in the lawsuits, Austin is likewise more convenient or at least equally convenient to Waco for those witnesses travelling from outside of Texas, for the same reasons. Furthermore, some of Dell's accused component suppliers—including Intel, Kioxia, and Micron Technology—have offices in Austin, but no offices in Waco. (Griffin Decl. Exs. 9–11.) Dell's remaining accused component suppliers, Samsung and Silicon Motion, similarly do not maintain offices in Waco. (Griffin Decl. Exs. 12, 13.) Consequently, the same considerations that make Austin a more convenient venue for Dell and Sonrai's witnesses, also make Austin more convenient than for these third-party witnesses.

In sum, the third factor strongly favors transfer to the Austin Division.

### 3. Practical factors that make trial of a case easy, expeditious and inexpensive favor transfer to Austin

The fourth factor—practical factors that make trial of a case easy, expeditious and inexpensive—favors transfer to Austin. This factor particularly favors transfer when the case is in its early stages. *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *2. While *Markman* has already occurred in this case (which reduces the risks of inconsistent legal determinations by a different court), the Court has now also severed and stayed the portions of the case that were closely related to the Kioxia and Western Digital actions.

(Dkt. 46.) Indeed, a trial date has not yet been set in this Case and the parties have not answered any discovery requests.

Sonrai's co-pending actions in the Waco Division cannot justify denying transfer even if the case against Kioxia would *partially* resolve the claims against Dell for identical Kioxia products, as Dell is also accused of infringement of the '527 Patent based on other products supplied by non-parties Intel, Micron, Silicon Motion, and Samsung. *In re NetScout Sys., Inc.*, No. 2021-173, 2021 U.S. App. LEXIS 30500, at *13 (Fed. Cir. Oct. 13, 2021) (rejecting that "the mere co-pendency" of cases "in a particular district automatically tips the balance in the non-movant's favor"); *see also In re Quest Diagnostics Inc.*, No. 2021-193, 2021 U.S. App. LEXIS 33405, at *7 (Fed. Cir. Nov. 10, 2021) (ordering transfer, despite three co-pending cases involving the same patent and claim construction having already occurred in certain co-pending cases); *In re DISH Network L.L.C.*, No. 2021-182, 2021 U.S. App. LEXIS 31759, at *10 (Fed. Cir. Oct. 21, 2021) (ordering transfer, despite four co-pending suits accusing other defendants of infringing the same patents, because "any judicial economy considerations in keeping this case in Texas are insufficient to outweigh" the other factors).

That Sonrai sued other defendants in the same forum does not "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010). This Court has found "little if any risk of judicial waste or inefficiency" associated with transferring a case with three other actions in the same court that shared some of the same asserted patents. *Data Scape*, ECF No. 44, slip

op. at *5.  Furthermore, since claim construction is already identical between the cases, the risk of inconsistent legal results between these cases is substantially lessened.

Accordingly, this factor also favors transfer to Austin.

### 4. Local interests favor transfer to Austin

The sixth factor, local interest in having localized interests decided at home, also favors transfer to Austin.  Austin has a considerable interest in deciding this case, while Waco has none.  The division in which an accused alleged infringer is located has the greater local interest in adjudicating the action.  *Neo Wireless*, ECF No. 60, slip op. at *12 (*citing Data Scape, LTD. v. Dell Techs*., Inc., No. 6:19-CV-00129-ADA, 2019 U.S. Dist. LEXIS 154170, at *5 (W.D. Tex. June 7, 2019); *In re Hoffmann-La Roche Inc.*, 587 F.3d at 1336).  Dell operates its headquarters and employs approximately 14,000 people in the Austin Division.  (Kennedy Decl. ¶ 5.)  The inventors who claim to have been the first to invent the technologies claimed in the '527 Patent all live and work in Austin, and the outcome of this suit may affect their standing in that community.  Austin has more interest and connection to the outcome of this litigation than Waco, where no party has a presence.  *MiMedx*, 2014 U.S. Dist. LEXIS 191022, at *7 ("Defendants and their employees are local to the San Antonio area.  The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests."); *Amazon*, ECF No. 65, slip op. at *9-10; *Data Scape*, ECF No. 44, slip op. at *5-6.  Dell's suppliers of SSD components, such as Intel, also have offices in the Austin division and none in the Waco division.

Sonrai's choice to file this suit in Waco does not change this analysis because a plaintiff's choice of forum is given minimal deference in the context of intra-district transfers.  *Radmax*, 720 F.3d at 289 (citation omitted).  This is particularly true here

12

where Sonrai has chosen to sue in a District with which it has no relevant connections. *See Wet Sounds, Inc. v. Audio Formz*, *Inc.*, No. 17-cv-00141-LY, 2017 U.S. Dist. LEXIS 168455, at *10 (W.D. Tex. Oct. 11, 2017) ("[T]he Court will not give deference to a plaintiff's choice of forum when the plaintiff is not a resident of the chosen forum and the underling facts of the case did not occur in the chosen forum.").

In sum, the Court should determine that this factor also favors transfer to Austin.

### 5. Court congestion favors travel to Austin

Court congestion is considered "the most speculative" factor, and when "relevant factors weigh in favor of transfer and others are neutral, then the speed of the transferee district court should not alone outweigh all those other factors." *Genentech,* 566 F.3d at 1347. Since the number of cases filed and pending in this Division has increased precipitously over the last two to three years, the congestion of cases in this Division counsels transferring additional cases to other Divisions within the District to alleviate that congestion. (Griffin Decl. ¶ 14.) (finding as of April 13, 2022, 847 currently pending patent cases in this Division for a single judge, compared to 41 patent cases in the Austin Division for two judges). Indeed, today there are 1,144 currently pending total cases in the Waco Division for a single judge, while Judges Yeakel and Pitman in the Austin Division collectively have 1,045 currently pending cases. (Griffin Decl. ¶ 15.)

### 6. The remaining factors are neutral

The remaining factors are neutral. Dell is unaware of any third-party witnesses unwilling to attend trial. "However, courts, including courts within this district, have found this factor to be neutral 'where the parties have not alleged that non-party witnesses are unwilling to testify.'" *Auto-Dril, Inc. v. Pason Sys. USA Corp.*, No. 6:15-CV-00093, 2015 U.S. Dist. LEXIS 183479, at *7 (W.D. Tex. June 29, 2015). In any

13

event, any witnesses within the subpoena power of this Division will be within the subpoena power of the Austin Division as well, so this factor is neutral.

There is also no dispute that both divisions equally are familiar with the patent laws, are subject to the same rules, and apply the same governing circuit law. Therefore, these factors are also neutral.

## CONCLUSION

Defendant Dell respectfully requests this Court grant this unopposed motion to transfer this case to Austin as Dell has no ties to Waco, and all private and public factors either favor transfer or are neutral.

Dated: April 13, 2022

Respectfully submitted

By: /s/ *Michael J. Newton*
Michael John Newton (TX Bar No. 24003844)
Brady Cox (TX Bar No. 24074084)
**ALSTON & BIRD LLP**
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Fax: (214) 922-3899
mike.newton@alston.com
brady.cox@alston.com

Lauren N. Griffin (NC Bar No. 54766)
**ALSTON & BIRD LLP**
101 S. Tryon Street, Suite 4000
Charlotte, North Carolina 28280
Telephone: (704) 444-1000
lauren.griffin@alston.com

*Attorneys for Defendant Dell Technologies Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on April 13, 2022.

Dated: April 13, 2022

/s/ *Michael J. Newton*
Michael J. Newton